UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jacob John Kenfield,

Plaintiff,

vs.

Wrecker Services, Inc., and
John Does 1-3, individually,
Robert J. Kroll, and the
City of Minneapolis,

Defendants.

Court File No. 06-1016 DSD/SRN

**RULE 26(f) REPORT**

---

## I. DATE OF CONFERENCE

The Pretrial Conference in this matter is scheduled for June 22, 2006, at 4:00 p.m., before United States Magistrate Judge Susan Richard Nelson, Suite 9E, U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota. The counsel identified below have participated in the meeting required by Fed. R. Civ. P. 26(f) and have prepared the following report.

## II. RULE 26(f) REPORT

1.   (a)  The meeting referred to was conducted by a series of telephone conferences attended by counsel for each party.

    (b)  Plaintiff Jacob John Kenfield, was represented by James A. Heuer, Heuer and Associates, 10 South 5th St., Suite 950, Minneapolis, Minnesota 55402;

        Defendant Wrecker Services, Inc., 200 E. Lyndale Ave. N., Minneapolis, Minnesota 55405, was represented by Charles J. Noel, 180 Grand Oak Office Center I, 860 Blue Gentian Road, Eagan, Minnesota 55121; and

1

Defendants Robert J. Kroll and the City of Minneapolis, were represented by Timothy Skarda and Tracey Nelson, City of Minneapolis City Attorney, 333 South 7th St., Minneapolis, Minnesota 55402.

(c)  The names of the insurers are:

Defendant Wrecker Services, Inc., is insured by Empire Fire & Marine Insurance Company, Omaha, Nebraska.

(d)  The parties wish to discuss discovery and scheduling matters at the PTC.

2. Description of the Case

(a)  Concise Factual Summary of Plaintiff's Claims.

Plaintiff claims Defendants violated 28 U.S.C § 1331, and 28 U.S.C. §1343(a)(3), in that the claims of Jacob John Kenfield seek to redress the deprivation, under color of State law, or rights, privileges, and immunity secured by the Constitution of the United States; the use of excessive force, the deprivation of liberty without due process of law, summary punishment, false arrest and detention in deprivations of his rights maliciously or with reckless disregard for whether Jacob John Kenfield's rights would be violated by their actions; and state law claims of assault, battery, false imprisonment, negligent training and supervision.

On February 15, 2004, Jacob John Kenfield was at Wrecker Services, Inc. to attempt to retrieve a car which had been towed. A disagreement arose about the charge required to release the towed car. Jacob John Kenfield took no threatening actions. Without warning John Does 1-3 came from behind the enclosed and locked counter area at Wrecker Services, Inc. and attacked Jacob John Kenfield. Jacob John Kenfield was handcuffed and dragged behind the enclosed and locked counter area where he was severely beaten by John Does 1-3. Robert J. Kroll took an active role in initiating the confrontation and participated in the attack upon Jacob Kenfield.

(b)  1.  Concise Factual Summary of Defendants City of Minneapolis and Robert Kroll's Defenses.

On February 15, 2004, defendant Officer Robert Kroll was working on an approved off-duty assignment at Wreckers Services when he was informed by Wrecker Service's manager of a disturbance. Officer Kroll found plaintiff Jacob John Kenfield and his sister

yelling profanities at the employees. Kenfield demanded that his sister's car be returned without charge. Officer Kroll informed Jacob Kenfield and his sister that they would have to leave or be cited for disorderly conduct. Before leaving John Kenfield, who was obviously intoxicated, repeatedly challenged, through verbal and physical cues, Officer Kroll to fight him.

Approximately five minutes after John Kenfield and his sister left, he returned and continued to shout obscenities. Officer Kroll informed John Kenfield that he was under arrest. John Kenfield attempted to assault Officer Kroll. At that point some Wrecker Services employees came out from the secured door to help Officer Kroll causing both Officer Kroll and John Kenfield to fall into the secured area. John Kenfield continued to attempt to engage Officer Kroll in a fight with both verbal and physical cues. Officer Kroll used the proper amount of force to subdue John Kenfield and protect himself. Officer Kroll issued John Kenfield a citation and transported him to Hennepin County Medical Center. Defendants allege affirmatively that they are immune from liability in this action.

2. Concise Factual Summary of Defendant Wrecker Service, Inc.'s Defenses.

Plaintiff Jacob Kenfield and his sisters, Jennifer Kenfield and Jessica Kenfield, entered Wrecker Services, Inc., on February 15, 2004. Jacob Kenfield became very combative and belligerent, including loudly shouting a stream of obscenities when he and his sisters were informed of the charge that would need to be paid in order to retrieve their car. In response to Jacob Kenfield and his sisters' conduct, Wrecker Services, Inc., contacted Officer Bob Kroll of the Minneapolis Police Department who was working a Minneapolis Police Department approved off-duty job providing security for Wrecker Services, Inc. Officer Kroll attempted to calm Plaintiff and defuse the situation. Plaintiff and his sister, Jennifer Kenfield, continued shouting and repeating various obscenities at Officer Kroll and employees of Wrecker Services, Inc., including that they were all a bunch of "fucking bitches" and continued to demand that the car be returned for free. Officer Kroll attempted to explain that the car could not be released unless it was paid for and that Plaintiff and his sisters would either have to leave the premises or pay for the release of the car. Officer Kroll told Plaintiff and his sisters, as their threatening, abusive conduct continued, that they would either have to leave or that they would be arrested for

disorderly conduct. Plaintiff and his sisters were given a formal, verbal trespass warning. Plaintiff began leaving but continued shouting obscenities. Plaintiff approached Officer Kroll with clenched fists, challenging Officer Kroll to fight him, stating that Plaintiff would "kick your fucking ass" and that Officer Kroll was the "bitch" that stole their car. Plaintiff continued to threaten Officer Kroll with a physical confrontation, prompting Officer Kroll to threaten to call additional squads and to display his chemical mace. As Officer Kroll removed his chemical mace, Plaintiff continued to verbally taunt him saying, "Go ahead and mace me, it don't affect me, and I'll fucking kill you", while taking up a boxing stance with clenched fists. In fear of being assaulted, Officer Kroll deployed the mace, which did not properly discharge. Plaintiff eventually left the premises of Wrecker Services, Inc., and was informed by Officer Kroll that if he returned he would be arrested. A short time later, Plaintiff returned to Wrecker Services, Inc., and was again ordered to leave by Officer Kroll. In response to Officer Kroll's request, Plaintiff replied, "Fuck you." Officer Kroll then informed Plaintiff that he was under arrest and directed him to turn away from Officer Kroll and to place his hands behind his back as Officer Kroll removed his handcuffs in order to handcuff Plaintiff. Plaintiff then resisted arrest and assaulted Officer Kroll by pushing away from Officer Kroll and punching at Officer Kroll with a closed fist. Officer Kroll then acted in self defense by returning punches to Plaintiff's face. During this scuffle, Plaintiff and Officer Kroll fell into a secured area of Wrecker Services, Inc. As Officer Kroll got up and ordered Plaintiff to stay on the ground and put his hands behind his back, Plaintiff again replied, "Fuck you" and attempted to get up and engage Officer Kroll. At this point, Officer Kroll kicked Plaintiff to the mid-section, forcing him back to the ground. Officer Kroll then, finally, was able to apply the handcuffs to Plaintiff who had, again, resisted arrest and had, again, attempted to assault Officer Kroll. While Officer Kroll was escorting Plaintiff to Hennepin County Medical Center to receive medical attention after citing Plaintiff for disorderly conduct, trespass, and assault, Plaintiff alternately threatened the life of Officer Kroll and his family members, begged Officer Kroll to let him go home to his mom, and threatened Officer Kroll with a lawsuit. Any injuries Plaintiff received were the result of Officer Kroll's acts of self defense after being assaulted by Plaintiff who was resisting arrest by Officer Kroll.

Jacob Kenfield has since pled guilty to disorderly conduct, arising from this incident.

(c) Statement of Jurisdiction.

The Court has jurisdiction of this civil rights action under Title 42, §§ 1981, 1982 and 1983 of the United States Code and 28 U.S.C § 1331, and 28 U.S.C. § 1343(a)(3).

(d) Summary itemization of the dollar amount of each element of the alleged damages.

Special Damages:   Medical:      $10,000.00
                   Wage Loss:    $10.000.00

3. <u>Pleadings</u>

(a). Defendants Wrecker Services, Inc., Robert J. Kroll, and The City of Minneapolis have been served and Defendants' Answers have been filed.

(b). The parties will file any motion to amend pleadings by August 1, 2006.

(c). A jury trial has been timely demanded.

4. <u>Discovery Plan</u>

(a) Rule 26(a)(1) disclosures will be made on or before July 6, 2006.

(b) The parties do not wish to engage in alternative dispute resolution before formal discovery is commenced.

(c) All discovery should proceed simultaneously.

(d) The parties anticipate that they will require expert witnesses at the time of trial. If any expert is to be called Plaintiff shall disclose experts and reports by October 1, 2006. Defendants shall disclose experts and reports by January 1, 2007. Expert disclosures shall comply with Rule 26(a)(2)(B). Experts may be deposed after disclosure.

(e) Each party will be permitted to serve 50 interrogatories including subparts, from this point forward.

(f) Depositions are limited to five (5) for Plaintiff and five (5) for each

    Defendant without Court approval;

  (g) Depositions shall be permitted to be taken of each expert witness who is disclosed.

5. <u>Close of Discovery and Non-Dispositive Motions</u>

All discovery shall be completed by April 1, 2007, and all non-dispositive motions shall be filed and served by that same date.

6. <u>Dispositive Motions and Trial</u>

  (a) All dispositive motions shall be served and filed by July 1, 2007.

  (b) The case will be ready for Trial September 1, 2007.

  (c) The parties do anticipate calling expert witnesses at trial.

  (d) Estimated trial time: 4-5 days.

C. The parties have agreed to exchange Rule 26(a)(1) disclosures by July 6, 2006.

D. Each party will submit a confidential settlement memorandum to the magistrate's chambers, on or before June 19, 2006.

**HEUER & ASSOCIATES, P.A.**

Dated: 6/12/ , 2006

_____
James A. Heuer (Atty. Reg. ____)
10 South 5th Street, #950
Minneapolis, Minnesota 55435
(612) 236-0055

**HEUER & ASSOCIATES, P.A.**

Dated: 6/12 , 2006

_____
Gary K. Wood (Atty. Reg. 118722)

        10 South 5th Street, #950
        Minneapolis, Minnesota   55435
        (612) 236-0055

        Attorneys for Plaintiff


**CHARLES J. NOEL & ASSOCIATES, P.A.**

Dated: _____, 2006

        _____
        Charles J. Noel (Atty. Reg. 79406)
        180 Grand Oak Office Center I
        860 Blue Gentian Road
        Eagan, MN 55121
        (651) 365-5020

        Attorneys for Defendant Wrecker Services, Inc.


**JAY M. HEFFERN, CITY ATTORNEY**

Dated: _____, 2006

        _____
        Timothy S. Skarda (Atty. Reg. 10176X)
        Tracey Nelson (Atty. Reg. _____)
        300 Metropolitan Centre
        333 South Seventh Street
        Minneapolis, MN 55402-2453
        (612) 673-2553

        Attorneys for Defendants Robert J. Kroll and
        The City of Minneapolis